## The New-Haven Steam-Boat and Transportation Company *against* Vanderbilt.

In an action on the case, by the owners of a steam-boat, who were a corporation created by the General Assembly of this state, for injuries done to their boat, it was held, 1. that it being incident to all such corporations to hold property,

it was not necessary for the plaintiffs, on the general issue, to prove their power to hold the property in question, especially against a mere wrong-doer, claiming no title in himself, and setting up none in any one else; 2. that this case was within the spirit of the rule of 1841, (14 *Conn. R.* 140.) requiring notice to the plaintiff.

Where *A*, the owner of a vessel, signed a charter-party, chartering her to *B*, his son-in-law, which was done privately, and kept a secret from every one, especially from the officers and men employed on board the vessel; it was held, 1. that these circumstances were badges of fraud, which ought to be explained, and which, if not legally explained, would render the charter void; 2. that the possession of the vessel remained in *A*, and in relation to third persons, the men managing her were still to be regarded as his servants, for whose negligence he was liable.

It is a principle of law, that while a party, on the one hand, shall not recover damages for an injury which he has brought upon himself, neither shall he, on the other hand, be permitted to shield himself from an injury which he has done, because the party injured was in the wrong, unless such wrong contributed to produce the injury; and even then, it would seem, that the party setting up such defence, is bound to use common and ordinary caution to be in the right.

Therefore, where the claim of the defendant, in an action for an injury to the plaintiff's steam-boat, was, that the injury complained of was occasioned by the neglect of the officers and crew of such boat to keep up lights, according to the statute; and the court charged the jury, that if such officers and crew were guilty of negligence, either in respect to said lights, or otherwise, to such a degree as essentially to contribute to the injury complained of, the plaintiff could not recover; after a verdict for the plaintiff, it was held, that the charge was unexceptionable.

Where the court charged the jury, in such action, that if the plaintiff was entitled to recover at all, he was entitled to recover, as damages, a reasonable sum for the damage which the boat had sustained, by the conduct complained of, and a reasonable sum for her detention while she was undergoing repairs; it was held, that the charge, in this respect, was correct.

*New-Haven,*
*July,* 1844.

New-Haven
Steam-Boat
and Transport-
ation Company
*v.*
Vanderbilt.

THIS was an action on the case, to recover damages for injuries done to the plaintiffs' steam-boat *Belle*, by the defendant's steam-boat *New-Haven*.

The defendant pleaded in abatement, that there was not any such corporation established or existing as " The New-Haven Steam-Boat and Transportation Company," upon which issue was taken. The court found the issue in favour of the plaintiffs, and thereupon ordered the defendant to answer over.

The general issue was then pleaded; on which the cause was tried, at *New-Haven, October* term, 1843, before *Church*, J.

On the trial, the plaintiffs claimed, that they were a body corporate and politic, by the name in which the suit was brought, duly established, and transacting business in *New-*

HARVARD LAW SCHOOL LIBRARY

New-Haven,
July, 1844.

New-Haven
Steam-Boat
and Transport-
ation Company
v.
Vanderbilt.

*Haven*; and to prove this, they referred to and relied upon the finding and judgment of the court on the issue formed on the plea in abatement. They further claimed, that as such corporation, they were authorized to own and possess the steam-boat *Belle*, and other property of a like kind; and that they did own and possess this steam-boat; to prove which they introduced in evidence a bill of sale thereof from the former owners, accompanied by proof of possession and use. To this evidence the defendant made no objection; but he denied, that the plaintiffs had any right, by virtue of being a corporation, to own and possess said steam-boat. It was admitted, that he had not given any notice to the plaintiffs, that he should take this exception. The defendant's counsel, in their argument to the jury, claimed, that the plaintiffs, for want of the authority in question, could not maintain this action; and prayed the court so to instruct the jury. But the court did not so do.

The defendant admitted, that he was the general owner of the steam-boat *New-Haven*, but claimed, that at the time of the injury complained of, he had not the controul or management of that boat; and that the officers and men navigating her, were not his servants or agents, but that he had previously chartered her to *Daniel B. Allen*, of the city of *New-York*, his son-in-law, and general agent, by a charter-party, which was produced in court, and was proved to have been signed by the parties thereto. It was executed on the 15th of *December*, 1841, and purported to "grant and to freight let unto the party of the second part [*Allen*] the whole tonnage of the said vessel, [the steam-boat *New-Haven*,] with her tackle, apparel and furniture, for the term of six months from the 15th of *December*, 1841." *Allen*, on his part, covenanted " to charter and hire the said vessel, for the time aforesaid, and to furnish and provide her with every thing necessary to keep her in good running order, without any claim of any kind on the party of the first part therefor;" and that he would " pay, for the charter or freight of the said vessel, for the term aforesaid, the sum of 2500 dollars, monthly, during said term of six months." It was further agreed, by the parties, that if said vessel should be detained, by the party of the second part, his factors or agents, for any longer time than was therein allowed and agreed upon, he should pay to the

New-Haven, July, 1844.

New-Haven Steam-Boat and Transportation Company
v.
Vanderbilt.

party of the first part, for demurrage, the sum of 2500 dollars *per* month, for each and every month the said vessel should be so detained, and in like proportion for part of a month; but said *Vanderbilt* might resume possession after said six months had expired. By a subsequent agreement between the same parties, on the back of the charter-party, it was continued for the term of six months from the expiration of its term, at the same rate and on the same conditions as were therein expressed.

The plaintiffs claimed, and introduced evidence to prove, that this charty-party was merely colourable; that it was not an effective instrument, but fraudulent and void; that no possession had ever accompanied the pretended sale of the steam-boat *New-Haven* to *Allen;* that the charter-party was executed privately, to the son-in-law of the defendant, and had been kept a secret from every body, and especially from the captain, officers and men employed on board the boat. The plaintiffs claimed to the jury, that these facts, if proved, were badges of fraud, and ought to be explained. To this the court, in the charge to the jury, assented.

The defendant claimed, that the injury to the steam-boat *Belle*, as complained of in the plaintiffs' declaration, was occasioned, by the negligence of the officers and crew of the boat. It was proved, that the injury was sustained, on a dark and foggy night, soon after the arrival of the *Belle* at her wharf in *New-Haven* harbour, and while she was backing into her berth, her engine being in motion for that purpose. The defendant claimed, and offered evidence to prove, that at the time of the injury complained of, the lights of the *Belle* were not up, according to the statute law of the state; and prayed the court to instruct the jury, that if this was so, the plaintiffs could not recover. The court did not so instruct the jury; but charged them, that if the officers and crew of the steam-boat *Belle* were guilty of negligence, with respect to the lights or otherwise, to such a degree as essentially to conduce to the injury complained of, the plaintiffs could not recover.

The plaintiffs claimed, that if they were entitled to recover, they were entitled to recover not only for the damage which the steam-boat *Belle* had sustained, but also a reasonable sum for her detention, while undergoing repairs; and also a reasonable sum for the charter of another boat to take her place,

*New-Haven,*
*July, 1844.*

New-Haven
Steam-Boat
and Transport-
ation Company
*v.*
Vanderbilt.

during that time ; and also a reasonable sum for the loss of the profits of business, suffered by reason of such detention ; and also vindictive damages ; and they prayed the court so to instruct the jury. The court charged the jury, that if the plaintiffs were entitled to recover at all, they were entitled to recover, as damages, only a reasonable sum for the damage which the steam-boat *Belle* had sustained, by said injury, and a reasonable sum for her detention, while she was undergoing repairs.

The jury, upon the first consideration of the case, returned a verdict for the plaintiffs, for the sum of 1500 dollars, damages. But the court, supposing that the jury included in this amount a sum as damages for the breaking of the shaft of said boat, by the collision, and the subsequent detention of the boat, by reason thereof ; and believing that there was no evidence before the jury, that the shaft was broken, by such collision ; stated this to the jury, and for that reason, returned them to a second consideration. The jury, upon reconsideration, returned a verdict for the plaintiffs, for the sum of 975 dollars, damages, which was accepted by the court. The defendant thereupon moved for a new trial, for a misdirection.

*Kimberly* and *C. A. Ingersoll*, in support of the motion, contended, 1. That the plaintiffs had not shown any right or power in themselves to acquire, hold and use steam-boat property. A corporation cannot acquire and hold property of this description, without a power, conferred by the legislature, to *contract* for it ; and such a power is an essential prerequisite to a recovery for an injury to such property, and must be explicitly shown. *The Phenix Bank of New-York* v. *Curtis,* 14 *Conn. R.* 437. The defendant, by his plea of the general issue, does not admit the power in question. According to the case referred to, the plea admits the capacity of the plaintiffs to sue, in an action *on contract,* but not their power to make the contract declared on, still less to maintain an action for a *tort.* Nor is the right of the defendant to hold the plaintiffs to such proof, affected, by the finding of the court on the plea in abatement. That issue was as to the right of the plaintiffs to sue ; which would have been admitted without the plea. The right of the plaintiffs to hold the property, was not then in issue. A plea in abatement to that

New-Haven,
July, 1844.

New-Haven
Steam-Boat
and Transport-
ation Company
v.
Vanderbilt.

effect would have been bad, as the plaintiffs must, on the general issue, prove their right to hold the property. *The Farmers and Mechanics Bank* v. *Rayner*, 2 *Hall*, 195. *Wood* v. *The Jefferson County Bank*, 9 *Cowen*, 194.

2. That the charge in relation to the charter-party, was incorrect. The question which the jury had to try, was, who, by the charter-party, had the possession, command and navigation of the boat. 3 *Kent's Com.* 138. To prove that *Allen*, in his individual capacity, was in the lawful possession of the boat, and not as the agent of the defendant, the defendant offered the charter-party, which was proved to have been duly signed. If the charter-party was a valid instrument, then *Allen* was in the lawful possession of the boat, and in his own right. The judge charged, that if the charter-party was executed privately, and to the son-in-law of the defendant, it was a badge of fraud, which must be explained. The charter-party was good as between the parties. Against whom could it be fraudulent? Certainly only against one, who was either a creditor of the defendant, or who had a claim for damages against him. The present plaintiffs were neither creditors, nor had they a claim to damages against the defendant.

3. That upon the facts admitted and proved, the jury should have been instructed, that if the lights of the *Belle* were not up, according to the statute law of the state, that fact, with the other facts proved and admitted, constituted such negligence on the part of the plaintiffs, that they could not recover. When the facts have been ascertained, whether they warrant the charge of negligence or not, is a question of *law*. *Foot* v. *Wiswall*, 14 *Johns. R.* 304. *Brownell* v. *Flagler*, 5 *Hill*, 282. *Hartfield* v. *Roover*, 21 *Wend.* 615. *Barnes* v. *Cole*, 21 *Wend.* 188. *Rathbun* v. *Payne*, 19 *Wend.* 399.

4. That the court erred in laying down the rule of damages. The jury were instructed, that if the plaintiffs were entitled to recover at all, they were entitled to recover, as damages, a reasonable sum for the damage which the boat had sustained by the injury, and a reasonable sum for her detention, while she was undergoing repairs. The true rule for partial damage done to property, it not being a case of willful wrong, is the loss upon the sale of the property, at the time of the damage. *Stone* v. *Codman*, 15 *Pick.* 297. On the

New-Haven,
July, 1844.

New-Haven
Steam-Boat
and Transport-
ation Company
v.
Vanderbilt.

subject of damages generally, see *Blanchard* v. *Ely,* 21 *Wend.* 342.

*Baldwin,* contra, contended, 1. That the plaintiffs will not be deprived of their verdict and turned out of court, for want of power to hold the steam-boat *Belle.* In the first place, the judgment on the plea in abatement (if proof was necessary,) established the fact, that the plaintiffs were a corporation; and it is an ordinary incident of a corporation to hold personal property. The decision in *The Phenix Bank of New-York* v. *Curtis,* so far as it required the plaintiffs to prove their power to make the contract declared on, turned on the fact of that corporation being a *foreign* one. Here the corporation is a *domestic* one; and the action is not brought on any contract, but is for *tort* to property in the possession of such corporation. Secondly, the bill of sale to the plaintiffs, and their possession under it of the steam-boat, was sufficient proof of ownership against the defendant. Possession alone is sufficient against a wrong-doer. The possession of a corporation, like that of an individual, indicates ownership until the contrary is shown by him who has right to contest it. Thirdly, if the defendant intended to require the plaintiffs to prove the power in question, he should have given notice pursuant to the rule of 1841. 14 *Conn. R.* 140. If the case comes within the principle of the decision in *The Phenix Bank of New-York* v. *Curtis,* it is also within the spirit of the rule of court adopted to obviate the inconvenience.

2. That the evidence introduced by the plaintiffs, in answer to the pretence set up by the defendant, that his boat was under charter to *Allen,* was pertinent, and properly submitted to the jury as requiring explanation. It tended to disprove the reality of the transaction, and show it merely colourable.

3. That the charge in regard to the lights, was correct. The jury have found, that their not being up did not contribute essentially to the injury. *Sills* v. *Brown,* 9 *Carr. & Pa.* 601. (38 *E. C. L.* 245.) *Davies* v. *Mann,* 10 *Mees. & Wels.* 546. (6 *Law Rep.* 328.)

4. That the rule of damages, was at least as favourable to the defendant as he had a right to claim. The principle is, to *indemnify* the plaintiff—to make him *whole.* The question

is, what has the plaintiff *lost,* by the wrongful act of the defendant? This is evidently what is requisite to replace the property in the same condition and under the same circumstances. *Finch* v. *Brown,* 13 *Wend.* 601.

*New-Haven,*
July, 1844.

New-Haven
Steam-Boat
and Transport-
ation Company
*v.*
Vanderbilt.

HINMAN, J. 1. The defendant relies upon the case of *The Phenix Bank of New-York* v. *Curtis,* 14 *Conn. R.* 437. as showing, that the plaintiffs, a corporation, are not presumed to have power to hold the property, for an injury to which this suit is brought ; and he insists, that unless they show, by their charter of incorporation, or in some other way, that they have power to hold a steam-boat, they can not recover.

We think, however, that the case referred to, is very distinguishable from this case, and ought not to controul the decision of it. That was the case of a foreign corporation, and the court could know nothing of its powers, except that it possessed such as are incident to all corporations. By pleading the general issue in that case, nothing was admitted, but the legal existence of the plaintiffs, and their right to sue ; and unless the court had held, that it was necessarily incident to all corporations, foreign and domestic, that they have power to make such a contract as was then before the court, we do not see how it could have been held, that they possessed power to make that particular contract.

But, it is incident to all corporations, that they can hold property. It is, indeed, a principal object in the creation of most of them, to enable them to hold it, without the necessity of perpetually conveying it from hand to hand, as the members of the society change.

If then, this corporation had no power to own a steam-boat, it was for the defendant to have shown it ; and until this is shown, especially when one is found in their possession, the presumption is, that they have power to hold it. At any rate, as against the defendant, a mere wrong-doer, who claims no title in himself, and sets up none in any body, under such circumstances, it is not for him to say, that the party in possession has no right to the property.

But if there was any doubt upon this question—even if we thought the case was within the principle of the *Phenix Bank of New-York* v. *Curtis*—we should still be of opinion, that the rule established by this court, soon after that decision, ought

*New-Haven,*
*July, 1844.*

New-Haven
Steam-Boat
and Transport-
ation Company
*v.*
Vanderbilt.

to controul our decision upon this point. True, the case does not come within the letter of that rule; but we think it comes within its spirit. The same reason exists for compelling a party to give notice, that he intends to dispute the power of the plaintiffs to hold the property, for an injury to which they are seeking redress, as where they sue upon a contract, that he should give notice, that he intends to dispute their power to make the contract. No such notice was given in this case; and we therefore think the plaintiffs, on the trial, had no right to raise the question. 14 *Conn. R.* 140.

This view of the case makes it unnecessary for us to determine, whether the finding on the plea in abatement, could have any effect upon this question. It is enough that there is no valid objection to the decision of the court, irrespective of the finding on that plea.

2. The defendant, though admitting, that he was the general owner of the steam-boat *New-Haven,* claimed, that at the time the injury complained of, took place, he had not the controul or management of her; and that the officers and men navigating her, were not his agents; but that they were the agents and servants of *Daniel B. Allen,* to whom he had previously chartered the boat. A charter-party between the defendant and *Allen* was introduced in evidence, and the execution of it proved; but it no where appears, that *Allen* had ever taken possession of the boat under it: on the contrary, the motion shows, that the plaintiffs claimed, and introduced evidence to prove, that said charter-party was merely colourable; that no possession had ever accompanied it; that it was executed privately to *Allen,* who was a son-in-law of the defendant, and had been kept a secret from every body, and especially from the captain, officers and men, employed on board of the boat. And the plaintiffs claimed, that if these facts were proved, they were badges of fraud, and ought to be explained; and to this the court assented, in the charge to the jury. In this, we think, there was no error—none, at any rate, of which the defendant can complain. Indeed, these facts, if proved, would seem to have justified the plaintiffs in claiming, that they could not be explained, consistently with the defendant's claim, that the officers and men managing the boat, were *Allen's* servants and agents, and not *Vanderbilt's.* It does not even appear, that the charter-party was

New-Haven,
July, 1844.

New-Haven
Steam-Boat
and Transport-
ation Company
v.
Vanderbilt.

delivered ; and these men, who had been *Vanderbilt's* agents, and must have known if the possession of the boat had been changed, knew nothing of it. The possession of the boat, then, remained in *Vanderbilt;* and, as regards third persons, he was liable for the negligence of the men managing her. When, it may be asked, did these men cease to be *Vanderbilt's* servants ? If when the charter-party was signed, then it would be in the power of the owner of a vessel, by a secret confidential conveyance, intended only for the purpose of shielding the party from liability, to shift all responsibility on to the shoulders of some irresponsible agent or friend ; and this too could all be done with perfect safety to the owner, as the instrument of conveyance, not being delivered, would not pass the title, even between the parties themselves. Doubtless, the defendant attempted to show possession of the charter-party in *Allen*, and of the boat also ; but the charge of the court was upon the supposition that the claim of the plaintiffs was true regarding the facts ; and if the jury found the facts, as claimed, then it is very clear, that the charge was unexceptionable.

3. The defendant claimed, that the injury to the *Belle*, was occasioned by the negligence of her officers and crew, in their neglecting to keep up lights ; and they claimed, that the court should instruct the jury, that if this was so, the plaintiffs could not recover. On this subject, the court charged the jury, that if the officers and crew of the *Belle* were guilty of negligence, either in respect to said lights, or otherwise, to such a degree as essentially to contribute to the injury complained of, the plaintiffs could not recover. The charge of the court, in this respect, is very similar to the charge of the the court in the case of *Sills* v. *Brown*, 9 *Car. & Pa.* 601. (38 *E. C. L.* 245.) in which *Coleridge*, J. told the jury, that, " if the plaintiff's servants substantially contributed to the injury, by their improper or negligent conduct, the defendant would be entitled to their verdict ; but if the injury was occasioned, by the improper or negligent conduct of the defendant's servants, and the plaintiff's servants did not substantially contribute to produce it, then the plaintiff would be entitled to their verdict."

The principle involved in the case cited, as well as in the charge under consideration, is, that while, on the one hand,

a party shall not recover damages for an injury which he has brought upon himself, neither shall he be permitted to shield himself from an injury which he has committed, because the party injured was in the wrong, unless such wrong contributed to produce the injury; and even then, it would seem, a party is bound to use common and ordinary caution to be in the right. Lord *Ellenborough*, in *Butterfield* v. *Forester*, 11 *East*, 60. said, " a party is not to cast himself upon an obstruction, which has been made by the fault of another, and avail himself of it, if he do not himself use common and ordinary caution to be in the right."

4. The court charged the jury, that the plaintiffs, if entitled to any thing, were entitled to a reasonable sum for the detention of said boat, while she was *undergoing repairs.* We see nothing objectionable in this. The principle upon which damages are awarded, in such an action as this, is, to indemnify the party for what he has suffered. *Bateman* v. *Goodyear*, 12 *Conn. R.* 575. Now, the plaintiffs were injured, by the detention of their boat, while she was undergoing repairs; and this was a consequence of the injury received by the collision. Why then should they not recover damages for it? The injury was immediate; the extent of it could be estimated by the jury; the damages were not speculative, like the loss of profits. In an action for beating a servant, the loss of service is the injury for which the master recovers. In trespass for money, interest is recoverable by way of damages. Is this any thing more than a substitute for interest, where that is recoverable? The charge then, in this respect, was unexceptionable; and no new trial is advised.

In this opinion, the other Judges concurred.

New trial not to be granted.