THOMAS GILLETT *vs.* WESTERN RAILROAD CORPORATION.
ANDREW BEAN *vs.* SAME.

A railroad company which so constructs its track at the crossing of a highway as to render the highway dangerous or inconvenient to travellers thereon is liable for an injury sustained by a traveller upon the highway, in consequence of the defect, although he might also have a remedy against the town which was bound to keep the highway in repair.

In an action to recover for injuries to a horse, sustained in consequence of a defect in a highway, the plaintiff is entitled to recover the diminution, occasioned by the injury, in the market value of the horse at the commencement of the action, and, in addition, such sums as the plaintiff has paid out in reasonable attempts to cure him, with a reasonable compensation for his own services in attempting to cure him, and a reasonable sum as compensation for the loss of the use of the horse while under such treatment; provided that the whole damages allowed do not exceed the value of the horse.

Gillett *v.* Western Railroad Corporation.

Two actions of tort, the declaration in each of which alleged that there is in Springfield a public highway, called Main Street which is crossed by the railroad of the defendants, and the defendants have so constructed and maintained their railroad, at the crossing, as to obstruct the highway and render it unsafe and inconvenient for travellers, whereby the plaintiff, travelling on the highway and across the railroad, with his horse and wagon, and using due care, sustained an injury to his horse, &c., and was put to trouble and expense.

The cases were tried together in the superior court, before *Morton,* J., and it appeared in evidence that, at the crossing in question, the defendants, for the purpose of facilitating travel across their tracks, had caused the whole space between the rails to be planked, except about two inches in width next to the inside of the rails, which was left open to accommodate the flanges of the wheels of the cars and engines running thereon; that the edges of the planks next to the rail were plated with a strip of iron; and there was evidence tending to prove that the horses of the plaintiffs, while the plaintiffs were driving them across the tracks with ordinary care, were injured by catching their shoes in the space between a plank and rail, and, in attempting to move forward, their feet were firmly held between the rail and the iron plate upon the plank. The defendants objected that the actions could not be maintained against them, but should have been brought, for the alleged injury, against the city of Springfield; but the judge overruled the objection.

Upon the question of damages, the judge instructed the jury that the plaintiffs were entitled to recover the diminution of the market value of the horses, occasioned by the injury, and, in addition, such sums of money as the plaintiffs had paid out in reasonable attempts to cure them, with a reasonable compensation for their own services in attempting to cure them, and a reasonable sum as compensation for the loss of the use of their horses while under such treatment.

The jury returned verdicts for the plaintiffs, finding specially the amounts which they allowed for the care and expenses of

trying to cure the horses, and, in one case, for the loss of the use of the horse. The defendants alleged exceptions.

*J. D. Colt,* for the defendants. These actions should have been brought against the city. The form of the declarations is important. They do not allege a nuisance created by the defendants; but a defective highway. For an injury arising from this cause, the city was primarily liable. Redfield on Railways, 391, 392. *Davis* v. *Leominster,* 1 Allen, 182. *Sawyer* v. *Northfield,* 7 Cush. 496. *Currier* v. *Lowell,* 16 Pick. 174. The facts showed that the railroad was built with all proper precautions, and, if so, the plaintiffs are without remedy. *Perry* v. *Worcester,* 6 Gray, 547. *Mellen* v. *Western Railroad,* 4 Gray, 301. *Jones* v. *Waltham,* 4 Cush. 302. The rule of damages was wrong. *Gardner* v. *Field,* 1 Gray, 151. *Coolidge* v. *Choate,* 11 Met. 79. The same rule does not apply to injuries to property which applies to injuries to the person. Under the ruling of the judge, the defendants might be held liable for much more than the market value of the property injured.

*H. Morris,* for the plaintiffs.

BIGELOW, C. J. The defendants were clearly liable for damages to the plaintiffs, if they caused an unlawful obstruction to public travel in the highway, whereby injuries were occasioned to the plaintiffs' property. This liability exists notwithstanding a party may also have a remedy against the town or city where such obstruction is permitted. *Snow* v. *Housatonic Railroad, ante,* 443. By returning a verdict for the plaintiffs, under the allegations in the declarations, the jury must have found that the acts of the defendants rendered the highway unsafe and inconvenient to travellers. No question appears to have been raised at the trial as to the right of the defendants to construct their tracks across the highway. If they had this right, then it was their duty to construct them in such a manner as to be reasonably safe and convenient, in order to adapt them to the public travel passing on the highway, as well as to fit them for their own convenient use. Beyond this, no duty was imposed on them by law. They could only be required to exercise their legal right to construct their railroad across the highway in such a manner as to create

no unnecessary obstacle or hindrance to public travel. By a compliance with this requirement, no unlawful or unauthorized obstruction would be occasioned in the highway. The way might be less safe and convenient for travellers than it would have been if the railroad had not been constructed over it, but it would not be unsafe and inconvenient in a legal sense. *Jones* v. *Waltham*, 4 Cush. 299. *Davis* v. *Leominster*, 1 Allen, 182. It does not appear that these familiar principles were overlooked or disregarded at the trial. There is nothing in the exceptions to show that full and appropriate instructions were not given as to the rights and duties of the defendants in constructing their railroad across the highway at the place where the alleged accident happened. In the absence of any statement of the instructions, it is our duty to presume that the jury were properly advised on this part of the cases. *Commonwealth* v. *Kneeland*, 20 Pick. 206, 223. *Same* v. *Byce*, 8 Gray, 461.

It does not appear that the rule of damages was incorrectly laid down at the trial. As we understand the instructions, the jury were told that the plaintiffs were entitled to recover a sum equal to the diminution of the market value of the horses, caused by the injuries; to be ascertained, not by their condition immediately after the occurrence of the accident, but by that in which they were shown to be at or about the time of the trial, and after they had been partially restored to health and soundness by restorative means which the plaintiffs had reasonably used in the relief and cure of the injuries which they had received. Thus construed, the instructions were clearly right. The plaintiffs were entitled to recover their reasonable expenses incurred in curing the horses, because thereby they had diminished the extent of the injuries, and the amount of damages which the defendants would otherwise have been liable to pay.

It does not appear that the expenses of curing the animals were unreasonable, or that they exceeded in amount the benefit which was thereby done in diminishing the injurious effects caused by the negligence of the defendants.

*Exceptions overruled.*