MARTIN E. ELLIS v. JOHN W. HILTON.

*Negligence—Injury to animal—Expense of treatment—Measure of damages.*

In a suit to recover damages for negligent injury to a horse, which rendered the animal *entirely worthless*, the plaintiff may recover, in addition to the value of the horse, the amount paid for medical treatment, in *good faith*, and upon a reasonable belief that the horse could be cured or made of some value if properly taken care of, which are questions for the jury; but such recovery must be confined within reasonable bounds, and can never exceed in amount the value of the animal. *Murphy v. McGraw*, 74 Mich. 318; *Watson v. Bridge*, 14 Me. 205.

Error to Grand Traverse. (Ramsdell, J.) Argued November 6, 1889. Decided November 15, 1889.

Case. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*Pratt & Davis*, for appellant, contended for the rule laid down in the opinion, citing the authorities therein cited.

*Lorin Roberts (J. R. Adsit*, of counsel), for defendant, cited the authorities listed in foot-note to opinion.

LONG, J. This is an action to recover damages against the defendant for negligently placing a stake in a public street in Traverse City, which plaintiff's horse ran against, and was injured.

It was conceded on the trial by counsel for defendant that the horse of plaintiff was so injured that it was entirely worthless. Plaintiff claimed damages, not only for the full value of the horse, but also for what he expended in attempting to effect a cure, and on the trial his counsel stated to the court that plaintiff was entitled to recover a reasonable expense in trying to cure the horse.

before it was decided that she was actually worthless. The court ruled, however, that the damages could not exceed the value of the animal.

A claim is made by the declaration for moneys expended in trying to effect a cure of the horse after the injury. Upon the trial the plaintiff testified that he put the horse, after the injury, into the hands of a veterinary, and paid him $35 for cure and treatment. On his cross-examination, he also testified that the veterinary said—

"There was hopes of curing her, if the muscles were not too badly bruised. He didn't say he could cure her. He thought that there was a chance that he might."

Dr. DeCow, the veterinary, was called, and testified, as to the injury, that the stake entered the breast of the horse, on the left side, about six inches; that the muscles were bruised, and the left leg perfectly helpless. He got the wound healed, but on account of the severe bruise of the muscles the leg became paralyzed and useless. On being asked whether he thought she could be helped when he first saw her, he stated that he did no know but she might; that she might be helped, and kept for breeding purposes, and be of some value.

It is evident from the testimony that the plaintiff acted in good faith in attempting the cure, and under the belief that the mare could be helped, and be of some value. The court below, however, seems to have based its ruling that no greater damages could be recovered than the value of the animal, and that these moneys expended in attempting a cure could not be recovered, upon the ground that the defendant was not consulted in relation to the matter of the attempted cure.[1]

---

[1] Counsel for defendant cited in support of this ruling *Davidson v. Railroad Co.*, 49 Mich. 431; *Graves v. Moses*, 13 Minn. 335; 2 Thomp. Neg. 1261; *Gillett v. Railroad Co.*, 8 Allen, 560; *Wheeler v Townshend*, 42 Vt. 15; *Streett v. Laumier*, 34 Mo. 469; *Johnson v. Holyoke*, 105 Mass. 80; *Olxeson v. Brown*, 41 Wis. 413; *Railroad Co. v. Lewark*, 4 Ind. 471; *Steamboat Co. v. Vanderbilt*, 16 Conn. 420; *Williamson v. Barrett*, 13 Horr. 10.

Whatever damages the plaintiff sustained were occasioned by the negligent conduct of the defendant, and recovery in such cases is always permitted for such amount as shall compensate for the actual loss. If the horse had been killed outright the only loss would have been its actual value. The horse was seriously injured; but the plaintiff, acting in good faith, and in the belief that she might be helped and made of some value, expended this $35 in care and medical treatment. He is the loser of the actual value of the horse, and what he in good faith thus expended. He is permitted to recover the value, but cut off from what he has paid out. This is not compensation. Counsel for defendant contend that such damages cannot exceed the actual value of the property lost, because the loss or destruction is total.

There may be cases holding to this rule; but it seems to me the rule is well stated, and based upon good reason, in *Watson v. Bridge,* 14 Me. 205, in which the court says:

"Plaintiff is entitled to a fair indemnity for his loss. He has lost the value of his horse, and also what he has expended in endeavoring to cure him. The jury having allowed this part of his claim, it must be understood that it was an expense prudently incurred, in the reasonable expectation that it would prove beneficial. It was incurred, not to aggravate, but to lessen, the amount for which the defendants might be held liable. Had it proved successful, they would have had the benefit of it. As it turned out otherwise, it is but just, in our judgment, that they should sustain the loss."

In *Murphy v. McGraw,* 74 Mich. 318 (41 N. W. Rep. 917), it appeared on the trial that the horse was worthless at the time of purchase by reason of a disease called "eczema." The court charged the jury that, if the plaintiff was led by defendant to keep on trying to cure the horse, the expense thereof would be chargeable to the

defendant, as would. also be the case if there were any circumstances, in the judgment of the jury, which rendered it reasonable that he should keep on trying as long as he did to effect the cure. The plaintiff recovered for such expense and on the hearing here the charge of the trial court was held correct.

It is a question, under the circumstances, for the jury to determine whether the plaintiff acted in good faith, and upon a reasonable belief that the horse could be cured, or made of some value, if properly taken care of; and the trial court was in error in withdrawing that part of the case from them. Such damages, of course, must always be confined within reasonable bounds, and no one would be justified, under any circumstances, in expending more than the animal was worth in attempting a cure. This is the only error we need notice.

The judgment of the court below must be reversed, with costs, and a new trial ordered.

CHAMPLIN and MORSE, JJ., concurred with LONG, J.

SHERWOOD, C. J. I concur in the result.

CAMPBELL, J. I think the rule laid down at the circuit the proper one.