[No. 8347.    Department Two.    November 15, 1909.]

## ROY N. WILSON, *Respondent*, v. SEATTLE, RENTON & SOUTHERN RAILWAY COMPANY, *Appellant*.[1]

DAMAGES—INJURY TO HORSE—MEASURE OF DAMAGES. The measure of damages for injury to a horse is the diminished market value after cure, and expense in reasonable attempts to effect a cure, with reasonable compensation for loss of use, provided the whole damages do not exceed the original value of the horse.

PLEADING—AMENDMENT TO CONFORM TO PROOF. It is not error to allow the complaint to be amended to conform to proof increasing the damage claimed for injury to a horse, where there was no motion to strike the evidence or claim of surprise or demand for time to meet the amendment.

DAMAGES—TO PERSONAL PROPERTY—EXCESSIVE VERDICT. A verdict for damages for injury to personal property is not excessive where there was no dispute as to the items, which were all within the measure of damages allowable.

Appeal from a judgment of the superior court for King county, Gay, J., entered March 20, 1909, upon the verdict of a jury rendered in favor of the plaintiff, in an action of tort. Affirmed.

*Morris B. Sachs*, for appellant.

*Jackson Silbaugh*, for respondent.

MOUNT, J.—Respondent brought this action to recover damages resulting to a wagon and horses and load, by reason of a collision between the wagon and one of appellant's cars. Plaintiff recovered a judgment for $440. Defendant appeals.

The action arises out of the same accident, and is based upon the same facts, as stated in *Wilson v. Seattle, Renton & S. R. Co.*, *ante* p. 651, 104 Pac. 1112. The plaintiff in this case is the owner of the wagon, team, and load, and is a brother of the driver who was injured in that case. In addition to the points there discussed, the appellant argues

[1]Reported in 104 Pac. 1114.

here that the trial court erred in ruling that evidence was admissible to show the market value of an injured horse before and after the injury, and for loss of services of the horse by reason of the injury, and for services of a veterinary surgeon in attending the horse; and in instructing the jury, in substance, that the measure of damages, in case they found in favor of the plaintiff, was the depreciation of the market value, together with the necessary expense of caring for the horses, and loss of hire or reasonable use of the horse during the time it was rendered useless, providing the whole did not exceed the original value of the horse. It is argued by the appellant that depreciation in market value covers the whole loss, and that, when in addition to that is added loss of use, the court permits a double recovery. No authorities are cited by the appellant upon this point.

The authorities cited by the respondent, and others which we have been able to find, indicate that the measure of damages in cases of injury to domestic animals is that "the owner is entitled to recover for the diminished market value of the animals after cure, so far as a cure was effected, and, in addition thereto, such expense as he incurred in reasonable attempts to effect a cure, and a reasonable sum or compensation for the loss of the use of the horses while under treatment, provided the whole damages do not exceed the original value of the property." *Keyes v. Minneapolis & St. Louis R. Co.*, 36 Minn. 290, 30 N. W. 888, and cases there cited. See, also, *Ellis v. Hilton*, 78 Mich. 150, 43 N. W. 1048, 18 Am. St. 438, 6 L. R. A. 454; *Telfair County v. Webb*, 119 Ga. 916, 47 S. E. 218; *Gillett v. Western Railroad Corporation*, 90 Mass. 560.

This rule limits the recovery for an injured animal to the original value of the animal. Such recovery may not exceed that amount. Thus limited, the rule seems just. If the injured animal was worth $350 before his injury, and $50 afterwards, the direct depreciation is $300. If the owner was

42—55 WASH.

compelled to expend $50 or more on account of the injury, his loss was clearly the original value of the animal, and a recovery for that amount cannot be said to be a double recovery.  The court did not err, therefore, in the respects claimed.

The original complaint alleged the depreciation in the value of the horse at $200.  The evidence tended to show such depreciation at $300.  After the close of the evidence, the court permitted the plaintiff to amend the complaint so as to allege the latter amount.  Appellant now bases error thereon.  The evidence was in the record.  There was no motion to strike it, and it was within the discretion of the court to allow the amendment.  If the appellant had been misled or had demanded time to procure evidence to meet this amendment, he might now be heard to complain.  In the absence of such demand, the court did not err.

It is also claimed that the verdict of the jury was excessive. The trial court made a reduction of $50 in the amount of the verdict returned by the jury, and entered a judgment for $440.  There is substantially no dispute in the evidence as to any item except the reasonable use of the horse for twenty days, alleged at seven dollars per day.  The evidence shows that the horse was worth $350 before the accident, and $50 afterwards; that respondent paid $25 for the services of a veterinary surgeon; that the damages to the wagon were $75; to the harness $10, and to the load $5.  So that, if any amount was allowed for the use of the horse, it could not have exceeded $25, which, added to the expense for the doctor and $300 depreciation in value, did not exceed the original value of the horse.  It was, therefore, not excessive.

The judgment is therefore affirmed.

RUDKIN, C. J., DUNBAR, CROW, and PARKER, JJ., concur.