[No. 10536. Department One. May 15, 1913.]

R. S. DOUGLASS, *Respondent*, v. SEATTLE ELECTRIC COMPANY, *Appellant*.[1]

DAMAGES — MEASURE OF DAMAGES — INJURIES TO ANIMALS. The measure of damages for injury to a horse, ultimately resulting in its death, where plaintiff incurred expense in an effort to save its life, is the value of the horse and the expense prudently incurred.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered December 23, 1911, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action in tort. Affirmed.

*James B. Howe* and *R. G. Sharpe*, for appellant.

*Skeel & Whitney*, for respondent.

CROW, C. J.—Plaintiff was the owner of a valuable team of horses, which he used in heavy hauling. On December 2,

[1]Reported in 132 Pac. 229.

1910, one of his horses was struck and injured by defendant's street car. The trial court's finding that the defendant was negligent is not questioned on this appeal. The horse, which was unable to work at any time after the accident, died in January, 1911, and plaintiff commenced this action to recover damages for the loss of the horse; for injuries to a set of harness; and for expenses incurred in medical treatment. The trial judge found that defendant's negligence caused the injury and death; that plaintiff was damaged in the sum of $28 for injuries to his harness, and for medicines, hospital expenses, and lost time; that after the accident, the horse was unable to do any work, and was compelled to remain idle in a stable; that on or about January 20, 1911, the horse contracted a certain sickness as the direct and proximate result of its injuries, from which it died; and that it was of the value of $350. Upon these findings, judgment was entered in plaintiff's favor for $378 and costs. The defendant has appealed.

Appellant insists that the death of the horse did not result from the injuries inflicted; that the true and proximate cause of death was a disease known as azotemia, which was caused by respondent's neglect in overfeeding the horse, and failing to give it proper exercise. Immediately after the accident, a veterinarian in appellant's employ prescribed for the horse, and gave directions to respondent for its feeding, exercise and care. Respondent contended these directions were carefully followed; and that the disease causing death resulted from the original injury. The evidence, although conflicting, sustains the findings of the trial judge, which will not be disturbed.

Appellant further contends that the trial court erred in allowing damages for medicine, attention, and hospital expense, in addition to $350 allowed as the value of the horse. It argues that had the horse been killed outright, no liability could have resulted further than actual value, and that where an animal is injured and subsequently dies, the party

whose negligence causes the injury can be held for no greater liability than if the animal should be killed outright. To support this contention, appellant cites *Wilson v. Seattle, Renton & S. R. Co.*, 55 Wash. 656, 104 Pac. 1114. In that case it appeared that the plaintiff's horse was injured, but did not die, and that plaintiff was permitted to recover for depreciation in value, in addition to damages for loss of services, and expenses of veterinary treatment. The judgment awarding all these items of damages was sustained by this court. In this case, the horse died after respondent incurred expense in an effort to save its life. It was his duty to make such an effort in order that damages for which the appellant would be liable might be minimized. In a careful performance of this duty, respondent incurred necessary expenses prior to the death of the horse. Without fault on his part, and as a direct result of appellant's negligence, he thus sustained damages in addition to the loss of the horse. That measure of damages should be applied to the facts proven which will result in compensation to an injured party, without inflicting any unjust punishment upon a negligent party. The trial judge adopted and applied such a measure in this action. As stated in the *Wilson* case, *supra*, the ordinary rule relative to an injured animal is that if the animal is not lost, but its value is depreciated, the measure of damages will be the difference in value before and after the injury, and expenses incurred, provided the total damages awarded do not exceed the original value. In cases, however, where an injury finally results in death, after a prospect that expense of treatment prudently incurred might save the animal's life, there is no sound reason why expenses thus incurred, in addition to the value of the animal, should not be awarded as damages; for had the animal recovered, the party at fault would have received the benefit of the recovery and the expenses incurred. In *Atwood v. Boston Forwarding & Transfer Co.*, 185 Mass. 557, 71 N. E. 72, the

first syllabus, which states the substance of the opinion of the court, reads as follows:

"If a horse is injured through the fault of another, and the owner reasonably expends money in the expectation of curing him but notwithstanding his endeavors the horse has to be killed, the owner may recover for the money thus expended in addition to the value of the horse."

In *Watson v. Proprietors of Lisbon Bridge*, 14 Me. 201, 31 Am. Dec. 49, plaintiff's horse, injured by defendant's negligence, died after plaintiff had incurred expense for treatment. On the measure of damages the court said:

"The liability of the defendants being established, the only remaining question is, as to the measure of damages. The plaintiff is entitled to a fair indemnity for his loss. He has lost the value of his horse, and also what he has expended in endeavoring to cure him. The jury having allowed this part of his claim, it must be understood, that it was an expense prudently incurred, in the reasonable expectation, that it would prove beneficial. It was incurred, not to aggravate, but to lessen, the amount for which the defendants might be held liable. Had it proved successful, they would have had the benefit of it. As it turned out otherwise, it is but just, in our judgment, that they should sustain the loss."

The judgment is affirmed.

MOUNT, PARKER, and CHADWICK, JJ., concur.