[No. 18099. Department Two. March 17, 1924.]

FRED B. FULTON et al., Respondents, v. N. G. SEEGEBARTH et al., Appellants.[1]

APPEAL (418)—REVIEW—FINDINGS. Findings upon directly conflicting evidence, with partisan witnesses of even number, will not be disturbed on appeal.

PLEADING (104)—AMENDMENT—TO CONFORM TO PROOFS—DISCRETION. An amendment to a complaint for damages to an automobile in the sum of $750, increasing the claim to $900, to conform to proof, is not ground for reversal, although defendants offered no evidence on the subject of damages, where they did not move against the evidence or seek to reopen the case.

Appeal from a judgment of the superior court for Skagit county, Brawley, J., entered January 2, 1923, upon findings in favor of the plaintiffs, in an action in tort, tried to the court. Affirmed.

*Poe, Falknor & Falknor* and *R. V. Welts,* for appellants.

*H. C. Barney,* for respondents.

[1]Reported in 223 Pac. 1053.

FULLERTON, J.—This is an action brought by the respondents, Fulton, against the appellants, Seegebarth, to recover for personal injuries and for damages to their passenger automobile, resulting from a collision between their automobile and an automobile truck owned and operated by the appellants. The cause was tried by the court sitting without a jury, and resulted in a judgment in favor of the respondents in the sum of $1,942.

The collision occurred at a road intersection. The respondents were driving their automobile southerly on the paved part of the Pacific highway. The appellants were driving their truck westerly on an unpaved, although graveled, road crossing the highway at practically a right angle. The respondents' testimony tended to show that, as they approached the crossing, they gradually slowed the speed of their car down from some thirty miles an hour to less than fifteen miles an hour, and were moving at less than the latter rate of speed when they entered the intersection of the highways; that they were on what was to them the right-hand side of the pavement, near the center of the intersection, when the appellants drove their truck upon the highway from their left, over and across the highway, striking their car on its left side at the rear door, crushing the door and the fender of the car and causing the car to overturn.

The appellants' testimony, on the contrary, tended to show that they approached the crossing driving at a speed of about ten miles an hour, and that, as they reached the intersection, they slowed down to a lesser rate of speed; that, as they reached the intersection, they had an unobstructed view to the north for a distance of several hundred feet and saw no one approaching within that distance; that they then drove

in a direction directly across the paved way; that, as they neared the farther side of the paved way, the respondents bore down upon them at a speed in excess of forty miles an hour, apparently not discovering the appellants' situation until they were almost upon them; that the respondents attempted to avoid striking the appellants' truck by turning their car to the right off of the paved portion of the way so as to pass in front of the appellants; that the appellants then stopped their truck with its front wheels off the paved way; that, as the respondents passed to their front, they encountered an oil truck standing near a service station on their front; that they attempted to avoid striking the oil truck by turning to the left back onto the paved highway; that in so doing they turned too short to pass the appellants' truck in the clear, and that some part of the respondents' car caught on the left front spring of the truck, causing the car to overturn immediately upon breaking loose from the truck.

It is, of course, at once apparent that both of these discordant statements as to the cause and manner of the accident cannot be true. One is necessarily false, and neither is necesssarily true. To discover wherein the truth lies we have examined the record with care, but find little aid therein. The physical situation, the surroundings, or even the probabilities seem not to belie either party, and the witnesses, having no financial interest in the case, and who were practically even in number on each side, seem, when judged by the printed record, to have been even more partisan than were the principals themselves. In such a condition, discussion is useless. The trial judge, who had the witnesses before him, could, with much more certainty than can we, arrive at a correct result with regard to the facts, and we feel on this question constrained to abide by the result reached by him.

In their complaint the respondents alleged that their automobile had been damaged in the sum of $750. Their proofs at the trial tended to show that it had been damaged to the extent of $900, and the court found to that effect.   After this finding had been made and an exception taken thereto, the court, on motion of the respondents, allowed them to amend their complaint so as to allege the latter amount, and later entered a judgment in conformity therewith.   The appellants offered no evidence at the trial as to the amount of the damage to the automobile, being willing to allow a finding against them in the sum alleged in the complaint should the judgment be in favor of the respondents.   They now complain that they would have offered such evidence had it been intimated to them that judgment was to be entered for a larger sum than the sum alleged, and that by the action of the court they were deprived of this right.   But the appellants did not move against the evidence when it was introduced, nor did they, in so far as the record discloses, ask to reopen the case and introduce such evidence when the motion came on for hearing.   It was within the discretion of the court to allow the amendment, and we think that the appellants are not now in a position to be heard to complain.   *Wilson v. Seattle, Renton & S. R. Co.,* 55 Wash. 656, 104 Pac. 1114.

The judgment appealed from is affirmed.

MAIN, C. J., MITCHELL, PEMBERTON, and BRIDGES, JJ., concur.