N. S. Benedict *vs.* Severt Olson, impleaded, etc.

November 11, 1887.

**Promissory Note—Duty of Payee where one Joint Maker is a Surety.** —Where one of several signers of a joint note is surety for the others, but such fact does not appear upon the face of the paper, the payee is not, in the absence of any notice, bound to inquire into the relations of the makers as between themselves, nor, until informed thereof, is he bound to regard the equitable rights of such surety.

**Same—Delay of Payee in Collecting.**—Mere neglect to bring suit, or take active efforts to collect the note of the principal maker at the request of the surety, is insufficient to discharge the latter.

Plaintiff brought this action in the district court for Olmsted county, upon two promissory notes, one of which was signed by the defendants Severt Olson and Knut Thoe, and by one Fladigal, as makers, in the usual manner, and the other was signed by the defendants Olson and Thoe, and by one Gulson, as makers, in the usual manner. The defendant Olson, among other defences, pleaded as a defence to the second note that he was merely a surety, and that the plaintiff had extended the time of payment thereon to the other makers without his knowledge and consent, and thereby released him.   Upon the trial before *Buckham*, J., and a jury, the defendant Olson offered evidence to prove that the plaintiff, without his consent, had extended the time of payment of the second note, *in consideration of security to be given by* Thoe.   On objection this evidence was excluded.   Plaintiff had a verdict, and defendant Olson appeals from an order refusing a new trial.

*Geo. B. Edgerton*, for appellant.

*Arthur L. Gove*, for respondent.

Vanderburgh, J.   1. The defendant Olson claims to have signed the notes in suit as surety, though that relation as between him and the other signers is not disclosed on the face of the paper.   Upon the trial he offered to show that, while Fladigal, the alleged principal on one of the notes, was solvent, he requested the plaintiff to commence suit, and collect the same of him, which plaintiff neglected to do.   It

did not, however, appear from the evidence, nor did the defendant offer to show, that Fladigal had since become insolvent, or had, in fact, left the jurisdiction, or that he had himself offered to indemnify plaintiff for his costs, or that the latter had waived such indemnity. The offer would have been properly rejected, even if plaintiff had known that defendant was surety for the other makers. *Huey* v. *Pinney*, 5 Minn. 246, (310;) Gen. St. 1878, *c*. 66, § 130. Mere passive delay on the part of the plaintiff in prosecuting his remedies did not. operate to release the surety. He could have paid the debt, and become subrogated to plaintiff's rights, and have proceeded against his. principal, or have brought suit under Gen. St. 1878, *c*. 66, § 130.

2. As to the second note, upon its face all the signers appear to be joint makers. There is nothing in the record tending to show that the plaintiff had any knowledge or notice that the defendant Olson was merely a surety. The fact that, after the note became due, the latter requested him to collect it of Thoe, who, as he alleges, was the principal debtor, and helped get security of him, is insufficient to raise a presumption of the knowledge by plaintiff of the obligations. of the debtors between themselves, as this may have been done for other and different reasons. As to him, they all contracted as joint makers, and, until he was informed of the relations of the makers to each other, he was not bound to take notice of the defendant Olson's. equitable rights as surety. *Agnew* v. *Merritt*, 10 Minn. 242, (308,). and cases. It is not material, therefore, to consider whether the trial. court erred in rejecting the evidence of an agreement by plaintiff to extend the time of the payment of the note, in consideration of the security given by Thoe.

Order affirmed.