TOWN OF HUMBOLDT v. CITY OF BARNESVILLE.[1]

May 17, 1901.

Nos. 12,501—(97).

## City of Barnesville—Township Debt.

The city of Barnesville was incorporated under the provisions of Sp. Laws 1889, c. 3. *Held*, that by section 5 of subchapter 1 of said chapter 3 said city was expressly exempted and relieved from all liability on account of debts and obligations of the plaintiff township and another township, out of which it had been created.

Action in the district court for Clay county to recover the proportionate amount claimed to be due from defendant city upon certain bonds issued by plaintiff town, of which town defendant was a part at the time the bonds were issued. The case was tried before Baxter, J., who at the close of plaintiff's testimony granted a motion to dismiss the action. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*C. A. Nye*, for appellant.

*Charles S. Marden* and *Charles C. Houpt*, for respondent.

COLLINS, J.

It is obvious from the decision of the court below that this case was dismissed when the plaintiff rested, and the plaintiff's motion for a new trial was subsequently denied, upon the ground that it was essential, under G. S. 1894, § 930, that before the commencement of an action of this nature the voters of the plaintiff town direct the bringing thereof at a regular or special town meeting, and on appeal this question has been argued by counsel for both parties.

We are not obliged to determine whether the court below was right or wrong upon this proposition, or whether or not the plaintiff should have been allowed to show that, subsequent to the commencement of this action, the electors of the town fully ratified, approved, and adopted the action of its board of supervisors; for there is a primary question which is decisive of the case, and

[1] Reported in 86 N. W. 87.

must lead to an affirmance of the order appealed from. This question has also been fully argued by counsel for both plaintiff and defendant.

The city of Barnesville was incorporated under the provisions of Sp. Laws 1889, c. 3. Prior to that, all territory which was then embraced and included within the city limits belonged to two different townships, the township plaintiff and the township Barnesville, and part, at least, of this territory was also in two different villages. But it then became one separate and distinct municipality, this defendant city. The bonds in question were issued by the township of Humboldt prior to the organization of the city, and, had the city charter been silent as to the then existing indebtedness of these two townships, each would have remained liable for, and obliged to pay, all of its incorporate indebtedness, and the newly incorporated city would not have been accountable for any part of this indebtedness. State v. City of Lake City, 25 Minn. 404; City of Winona v. School Dist. No. 82, 40 Minn. 13, 41 N. W. 539. So, had the act of incorporation been entirely silent upon the subject, this plaintiff could not have recovered of the defendant. But the matter was not even left without legislation, for by section 5 of subchapter 1 of chapter 3, before mentioned, it was expressly provided:

"That the territory herein described as constituting said city of Barnesville shall from and after the passage of this act, be forever separated for all purposes from the townships of Barnesville and Humboldt and shall not be liable for any of the obligations or debts of either of said townships, nor share in the assets or property of either of said townships."

This is a clear and unambiguous provision specially relieving the city from any liability upon the obligations or debts of either of the townships, and further declaring that it shall not share in any of the assets or property of either. It is difficult to discover any escape from the construction of this language urged by defendant's counsel, or to contend that it was not intended to award to the townships all of their corporate assets, and to release the city from all liability on account of their corporate debts.

But plaintiff's counsel urges that the future liability of defend-

ant city on account of the existing township indebtedness. was fixed by section 6 of the same subchapter, which reads as follows:

"All the territory described in this act, within which are now established or exist any municipal governments under city or village charters organized under any general or special law of this state, shall from and after the passage and approval of this act and the same takes effect, cease, and the said city of Barnesville shall thereupon succeed to, and become vested with, and owners of, all the property, real, personal and mixed, rights, franchises, contracts, privileges and immunities which belong to or are owned by said villages at the time when they cease to exist, and said city of Barnesville shall become and be liable and responsible for all legal debts, obligations and liabilities existing against said villages for any cause of consideration whatever, in the same manner and to the same extent as if such debts, obligations, or liabilities had been originally contracted or incurred by said city of Barnesville."

This section wholly fails to sustain the claim of counsel. The language used explicitly refers to the debts and obligations of the villages which had been abolished by the new organization, defendant city, and makes it liable for their payment. It has no reference whatever to either of the townships, but in apt words provides that the city shall assume the debts and liabilities of the villages.

Counsel for the plaintiff has relied to some extent upon Rumsey v. Sauk Centre Town, 59 Minn. 316, 61 N. W. 330. In that case the legislature, when creating the village of Sauk Centre, imposed a distinct liability upon it by apportioning a burden which had theretofore been the debt of the town out of which the village was then created, and from which it was then separated. This was a direct provision apportioning the bonded debt as between the town and the village, but unfortunately, perhaps, for the present plaintiff, there is no such provision in the act of 1889.

Order affirmed.