CLAY COUNTY LAND COMPANY v. HENRY C. ALCOX.[1]

December 5, 1902.

Nos. 13,169—(147).

**Additional Parties to Action.**
    G. S. 1894, § 5178, as amended by Laws 1895, c. 29, relating to bringing in of additional parties plaintiff or defendant, construed, and *held* that the court is only authorized to make its order bringing in such parties when it is necessary to do so in order to secure a full determination of the controversy between the original parties tendered by the complaint, answer, or counterclaim.

**Order of Court.**
    *Held*, further, that the trial court erred in making its order that the appellant be made a party plaintiff to this action and reply to the defendant's answer.

Action in the district court for Clay county by Clay County Land Company to recover possession of its offices and the contents thereof and to restrain defendant Henry C. Alcox from interfering therewith. On defendant's motion Samuel A. Hoyt was by order,

[1] Reported in 92 N. W. 464.

Baxter, J., made a party plaintiff and required to reply to defendant's answer. The case was dismissed as to plaintiff and thereafter judgment by default was ordered in favor of defendant against Samuel A. Hoyt. From a judgment entered pursuant to the order, and from an order denying a motion to vacate the same, Samuel A. Hoyt appealed. Reversed and remanded with directions to dismiss the action as to appellant.

*Munn & Thygeson,* for appellant.

*C. A. Nye,* for respondent.

START, C. J.

The Clay County Land Company is a domestic corporation having its principal place of business at Barnesville, in the county of Clay, with a branch office at Moorhead. On September 6, 1901, it commenced in the district court, county of Clay, an action against Henry C. Alcox, the respondent herein, for the restitution of its offices at Moorhead, and to restrain him from using them. The respondent four days thereafter served an answer in the cause upon the appellant herein, Samuel A. Hoyt, a resident of the county of Ramsey. The answer denied the allegations of the complaint, and alleged that the appellant commenced the action in the name of the land company without authority, for his own benefit. It then alleged that the respondent and appellant were copartners under the firm name of the Clay County Land Company for the purpose of buying and selling real estate; that the prosecution of the business resulted in a profit of $7,500, one-half of which belonged to the respondent, but that the appellant had retained the whole thereof, and refused to account for or pay over the same. The answer prayed that the appellant be made a party to the action, that a receiver be appointed for the copartnership business, and that an accounting be had by the court, or under its direction. On the next day he procured from the district court of the county of Clay an order returnable on September 13, 1901, on the appellant to show cause why he should not be made a party plaintiff to the action and reply to the respondent's answer therein.

On the return day the appellant appeared, not generally in the action, but for the purpose only of procuring a dismissal of the

order on the ground that he was a resident of the county of Ramsey, and that the court was without jurisdiction to make him a party plaintiff. The trial court denied the appellant's motion to dismiss the order to show cause, and made its order that the appellant reply to answer of the respondent within twenty days, and, in default of such reply, that judgment for the relief demanded in the answer be rendered against him as if he had been made a party to the action in the first instance. Before the expiration of the time limited by the order in which to reply, the appellant duly demanded that the place of trial be changed to the county of Ramsey, which, with proof of service thereof, was filed with the clerk of the district court, with a request to him to transmit the record accordingly, which was not done. The appellant made and served a reply venued in the county of Ramsey, which was returned by respondent's attorney for that reason. Notice of trial was served, and the case placed on the calendar of the district court of the county of Clay for the term commencing December 2, 1901. The appellant appeared specially, and moved to strike the case from the calendar, and that the action be dismissed as to him. The court took these motions under advisement.

Subsequently, and on December 12, the action brought by the land company against the respondent was dismissed without prejudice to the rights of the other parties to the action. The other motions were denied on January 9, 1902, but no notice thereof was ever served upon the appellant or his attorneys. On June 5, 1902, the cause was tried by the court. The appellant was not present, for he was sick in bed at St. Paul; but counsel appeared for him, and made a motion for a continuance of the case, which was denied, and no further appearance was made on his behalf. The respondent submitted his evidence, and the court made its findings of fact to the effect that the allegations of the answer of the respondent were true, and, as a conclusion of law, that he was entitled to judgment dissolving the alleged copartnership, and that he was entitled to recover from the appellant $2,040. The appellant promptly made a motion to set aside his default, and to be permitted to serve a reply, which was denied. Judgment was

afterwards entered upon the findings. The appellant appealed from the order and also from the judgment.

We find it necessary to consider only the question whether the trial court erred in making its order compelling the appellant to appear as a plaintiff in the action and reply to the respondent's answer under penalty of having judgment entered against him for the relief demanded in the answer. It is not a question of jurisdiction of the court to make the order, as counsel seem to treat it, but whether it was error to make it in view of the facts of this particular case. We are of the opinion that it was, and that the error was one which deprived the appellant of his legal right to have any transitory action which the respondent might bring against him tried in the district court of the county in which he resided, unless the place of trial was changed by the court for cause.

The motion and order so compelling the appellant to appear and reply were made pursuant to the provisions of G. S. 1894, §§ 5178–5181, as amended by Laws 1895, c. 29. The only change made by the amendment is to provide for bringing in additional parties plaintiff as well as parties defendant. The statute now provides that whenever the plaintiff or defendant, or in case of counterclaim, or a demand for affirmative relief, in any action shall discover that any party ought, in order to a full determination of such action, to have been made a party plaintiff or defendant therein, the court, if satisfied that such is the case, shall make its order bringing in such new party, and require him to answer the complaint, or reply to the answer, as the case may be. That is, it is only when the bringing in of other parties is necessary to a full determination of the controversy between the original parties tendered by the complaint, answer, or counterclaim that the court can compel them to come into the action as parties plaintiffs or defendants.

Now, the defendant's so-called counterclaim in this action tenders no issue between the original parties to the action for a full determination of which it is necessary that appellant should be made a party plaintiff. It is simply an allegation of a cause of action wholly distinct from the cause of action alleged in the com-

plaint, and with which the plaintiff has no connection. We have here a case where the defendant denied all of the allegations of the complaint, and alleged that the appellant commenced the action in the name of the land company without authority. This did not make it necessary to bring in the appellant as a party in order to secure a full determination of the controversy between the plaintiff and the defendant, for, if his answer was true, he was entitled to a judgment against the plaintiff on the merits. But the respondent, conceiving that he had an independent cause of action against the appellant, alleges it in his answer, and makes it the basis of the order compelling the appellant to reply to the answer and litigate the action with him in the county of Clay. In this way the original action is converted into one by the respondent against the appellant, the former being in fact the plaintiff and the latter defendant, whereby the appellant is deprived of his legal right to a trial thereof in the county where he resides. It needs no argument to support the conclusion that the statute authorizes nothing of the kind, and that there has been a miscarriage of justice in this case.

We therefore hold that the order of the district court making the appellant a party and requiring him to reply to the answer was reversible error, and that the action should have been dismissed as to him. This conclusion obviates the necessity of discussing the merits of the order denying appellant's motion to set aside his default. We note, however, that the appellant has printed two paper books and two briefs, which, for the greater part, are duplicates. There was no necessity for this, or, for that matter, of appealing from the order, as it was made before judgment; hence the appellant will be allowed to tax costs and disbursements only on the appeal from the judgment.

The judgment is reversed, and the case remanded to the district court, with direction to dismiss the action as to the appellant without prejudice.