TOWN OF KETTLE RIVER v. TOWN OF BRUNO.[1]

October 30, 1908.

Nos. 15,797—(132).

**Necessary Party.**

As a general rule, in the absence of statute to the contrary, a person whose interest in the subject-matter in litigation and whose liability to respond to the plaintiff's demand is determinable wholly from his independent relation thereto, unaffected by and disconnected from the liability of the defendant named in the action, is not a necessary party to the action.

**Same—Debt of Parent Town.**

Two towns were organized from territory within the limits of an existing town. *Held*, in an action by the parent town against one of the new towns to enforce the liability created by chapter 227, Laws 1895, to contribute pro rata to the indebtedness of the old town, that the other town was not a necessary party defendant, and that separate actions may be maintained against each new town.

**Liability of Town Separate.**

The liability of each town in such a case is separate, independent, and not contingent upon or measured by the liability of the other.

Action in the district court for Pine county to compel defendant town to contribute $2,138.66, its proportion of an indebtedness of the plaintiff town, existing at the time defendant town was set off from plaintiff. From an order, Stolberg, J., overruling its demurrer to paragraphs 3 and 4 of defendant's answer, which set up that the town of Norman was liable for its proportion of the indebtedness claimed in the complaint, plaintiff appealed. Reversed.

*L. H. McKusick* and *Clapp & Macartney*, for appellant.

*G. R. O'Reilly*, for respondent.

BROWN, J.

The town of Kettle River, plaintiff in this action, as originally formed, was composed of several congressional townships. Subsequent to its organization it incurred an indebtedness for various purposes, aggregating several thousand dollars. Thereafter, and before the in-

[1] Reported in 118 N. W. 63.

debtedness had been paid, a portion of the territory comprising the town, viz., four and a half congressional townships, was duly organized as a new town under the name of Bruno, defendant herein. Plaintiff thereafter paid the entire indebtedness so incurred, and then brought this action to recover the proportionate share properly chargeable to the new town under the provisions of chapter 227, p. 509, Laws 1895. That statute, after authorizing the organization of a town out of territory within the bounds of an existing town, provides as follows: "Provided, however, that nothing in this act shall be so construed as to release any property in and belonging to any portion of a town so divided from any tax levied or assessed prior to such division being made, or to release or discharge any of said property from the payment of any bonded or other indebtedness existing against said town at the time such division is made." The defendant interposed by way of answer, among other defenses, a defect of parties defendant, the facts with reference to which are as follows: As already stated, Kettle River originally was formed by joining together several congressional townships, four and a half of which were subsequently detached and organized as the town of Bruno. Thereafter, in March, 1906, congressional township No. 19, one-half of which was then in Kettle River and the other one-half in Bruno, was organized as the town of Norman, and it has since continued and now is an organized town. It is contended by defendant that this town is equally liable with the town of Bruno for a proportionate share of the indebtedness in question, and is therefore a necessary party to the action, to the end that the relative rights of both towns may be finally determined. Plaintiff demurred to the portion of the answer setting up this defense, and appealed from an order overruling it.

We do not concur in defendant's view of this branch of the case. The situation of the town of Norman is peculiar. The statute creating the liability here sought to be enforced (chapter 227, supra) was repealed by Revised Laws 1905, prior to the organization of that town, so that when it came into existence there was no liability on its part for the existing debts or obligations of the parent town. State v. City of Lake City, 25 Minn. 404, 416. And it is not liable in this action, or in any other action, unless it be on the theory that the effect of the statute imposing the liability was to impress a charge or lien

upon all property within the original town, which followed, unimpaired by the repeal of the statute, proportionately that part of the property included within the new town. It is probable that the statute might be so construed, and that in a proper action Norman could be charged with its ratable share of the indebtedness in question, notwithstanding the fact that the statute was not in force when the town was created. R. L. 1905, § 5505. But even that view presents serious difficulties. One-half of Norman was within Kettle River at the time this indebtedness was paid·by the latter town, and was undoubtedly subjected to taxation therefor. The other half, being within Bruno, like all the territory of that town, has paid no part of the debt. So, if Norman should be held liable and a judgment awarded against it, the amount thereof would necessarily be raised by taxation and the half of the town theretofore taxed for the same debt would be taxed again; for we have no statute, at least none has come to our attention, which would authorize the town authorities to levy the tax upon the property in that part of the town not already taxed for the same purpose. But we are not required to determine whether Norman is òr is not liable, and we pass the question for future consideration, should it ever arise. The difficulty in solving its relation to the subject arises from the absence of a statute providing for the adjustment and settlement of questions of this kind.

The liability under the statute relied upon, and similar statutes, has always been regarded as a liability of the corporation, and not a mere charge or lien against the property situated therein. It can be enforced only against the corporation; the corporation reimbursing itself by means of taxation, and the extent of the liability being measured by the amount of property within the town when the debt was created. And, though the statute. is somewhat ambiguous upon this particular feature of the subject, this construction is logical and affords a speedy and adequate remedy to enforce the liability. Township of Canosia v. Township of Grand Lake, 80 Minn. 357, 83 N. W. 346; Town of Humboldt v. City of Barnesville, 83 Minn. 219, 86 N. W. 87; Rumsey v. Sauk Centre Town, 59 Minn. 316, 61 N. W. 330. In this view we are clear that the town of Norman is not a necessary party to the action. We have no statute in this state that would seem to reach a case of this kind. Section 4069, R. L. 1905, relating to

parties to actions, has reference solely to persons whose presence in the action is necessary and indispensable to a full determination of the question presented by the pleadings and has no application here; for, as will be presently shown, the presence of the town of Norman is not so necessary. The rules of the common law must therefore control the question. The general rule, in the absence of statute, is that a person whose interest in the subject-matter in litigation and whose liability to respond to plaintiff's demand, or any part of it, is determinable wholly from his independent relation thereto, unaffected by the rights or interests of defendant named in the action, is not a necessary party, and need not be joined either as plaintiff or defendant. The rule applies to this case. Plaintiff's right of recovery is founded upon the doctrine of contribution. Township of Canosia v. Township of Grand Lake, supra. And unless the two towns, Bruno and Norman, are under some joint obligation to reimburse plaintiff, or the liability of one is dependent upon or measured from the liability of the other, it was unnecessary to join both in the same action. That there is no joint or dependent liability is quite clear. Whatever liability exists on the part of each is separate and independent, and each may be charged under the statute for a ratable proportion of the entire indebtedness, measured and determined by the amount of taxable property within the territory of each at the time the indebtedness was incurred by the old town. This may be shown readily by the tax rolls, and there can be no conflict between the towns in adjusting the matter. The present boundaries of each cannot be questioned, and the taxable property within those boundaries when the debt was incurred will appear from the public records, or other evidence within reach. If the liability of one was dependent upon or measured from the liability of the other, it might well be urged that they were both necessary parties to the action and should be jointly sued. But the liability is separate and distinct, capable of definite ascertainment, and separate actions may properly be maintained. Section 4282, R. L. 1905.

Our conclusion, therefore, is that the town of Norman is not a necessary party to the action, and the plaintiff's demurrer should have been sustained.

Order reversed.