# HARRY R. HEWITT v. ELIZABETH BOSTON DREDGE AND ANOTHER.[1]

May 26, 1916.

Nos. 19,772—(162).

**Mortgage — foreign moratorium act ineffective in Minnesota.**

Defendants executed in this state their promissory notes payable in this state to the order of plaintiff. To secure payment of these notes defendants executed a mortgage on land in Manitoba, Canada. It is *held* that a so-called Moratorium Act of the legislative assembly of Manitoba, which provided that no proceedings to foreclose a mortgage, or to enforce payment of any covenant therein to pay money, should be brought until after one year from a default, does not affect the right of plaintiff to bring suit on the notes in this state.

Action in the district court for Hennepin county to recover $590 upon a promissory note and unpaid coupons. Plaintiff's motion to strike out the answer of defendants as irrelevant and frivolous and for judgment on the pleadings was granted by Dickinson, J. From the order and judgment entered pursuant to the order for judgment, defendants appealed. Affirmed.

*E. W. Richter,* for appellants.

*H. R. Hewitt,* pro se.

BUNN, J.

The complaint alleged that defendants on October 25, 1914, at Minneapolis, Minnesota, executed and delivered to plaintiff their promissory notes, one for $500 due in one year, one for the same amount due in two years, and one for $2,000 due in three years. It pleaded nonpayment of the principal of the first note and of the first semiannual interest coupons on all the notes, and asked judgment accordingly. Defendants answered this complaint, admitting the making and delivery of the notes, and setting up as a defense that the notes were secured by a mortgage upon land

[1]Reported in 157 N. W. 1080.

in the province of Manitoba, Dominion of Canada, and the passage by the legislative assembly of the province in April, 1915, of a so-called "Moratorium" Act. The act is set out in full, and provides in substance that no proceedings to foreclose a mortgage shall be taken until after one year from a default, and that no action to enforce a convenant or agreement to pay money contained in any mortgage or agreement to purchase land shall be brought until after one year from default.

Upon these pleadings, and an affidavit to which copies of the notes and coupons were attached, plaintiff moved to strike out the anwer as sham and frivolous. The motion was granted, and defendant appealed from the order.

The trial court was clearly right. The notes and coupons were executed in Minnesota and payable there, and both the makers and the payee were residents of Minnesota. It is too plain for argument that the laws of this state control, and that no act of the legislature of the Canadian province where the mortgaged land is situated can affect the right to recover in this state on the notes. There is no doubt of the right to enforce payment of the notes independently of the mortgage.

It may be noted further that the act pleaded does not purport to postpone the right to sue on the notes, but affects only the right to foreclose the mortgage, or sue on the covenant therein.

Order affirmed.