AETNA LIFE INSURANCE COMPANY v. GEORGE F.
CASHMAN AND ANOTHER.
FIRST STATE BANK OF CORRELL, APPELLANT.[1]

June 27, 1930.

No. 27,949.

[1]Reported in 231 N. W. 403.

*Sterling, Converse & Spence,* for appellant.
*G. F. Cashman,* for respondents.

DIBELL, J.

On June 11, 1923, the defendants Cashman executed their note for $1,400 payable to the plaintiff with interest at five and one-half per cent. The suit is upon this note. Upon the motion of the defendants Cashman the First State Bank of Correll was made a party. It appeals.

At the date of the note the Correll bank was the owner of land in Kittson county and had been such owner for a number of years. The plaintiff had a mortgage upon it for $1,400 which became due on that date. It does not appear that the bank was liable on the mortgage debt.

Negotiations were had between the bank and the plaintiff for the purpose of continuing the mortgage so as to protect the equity of the bank in the land. The bank deeded the land to the Cashmans without consideration. They gave the note of $1,400 sued on, secured by the mortgage, to the plaintiff; and then they redeeded the land to the bank. All they did was an accommodation to the bank. The mortgage has not been foreclosed nor paid.

■ If the Cashmans pay the debt they will be entitled to an assignment of the note and mortgage, and they may enforce the mortgage against the land; and we take it, if they pay, they may proceed against the bank personally for indemnity. Knoblauch v. Foglesong, 37 Minn. 320, 33 N. W. 865; Baker v. N. W. Guaranty Loan Co. 36 Minn. 185, 30 N. W. 464. They can offer in their answer to pay the note, and the court will provide that upon payment the plaintiff shall assign the note and mortgage—the act of payment and the act of assignment being contemporaneous. It is not necessary that the bank be a party.

■ Under G. S. 1923 (2 Mason, 1927) § 9181, the court has power to call in an additional party whenever it is made to appear that, in order to have a full determination, he should have been

made a party. Some reliance is placed by the defendants upon this statute, but it is without application for the controversy between the original parties does not need the presence of the bank for its full determination. Clay County Land Co. v. Alcox, 88 Minn. 4, 92 N. W. 464; Town of Kettle River v. Town of Bruno, 106 Minn. 58, 118 N. W. 63; 5 Dunnell, Minn. Dig. (2 ed.) §§ 7328-7329.

■ A statute provides that "an action may be brought against two or more persons for the purpose of compelling one to satisfy a debt due to the other, for which the plaintiff is bound as surety." G. S. 1923 (2 Mason, 1927) § 9175. The cross-complaint of the defendants in effect asks that the bank pay the note and that the mortgaged lands be sold and the proceeds be applied thereon. In referring to § 9175, in Merrill v. Zimmerman, 152 Minn. 333, 338, 188 N. W. 1019, 1021, the court said:

"The statute was considered in Huey v. Pinney, 5 Minn. 246 (310); Wendlandt v. Sohre, 37 Minn. 162, 33 N. W. 700; Benedict v. Olson, 37 Minn. 431, 35 N. W. 10; Metropolitan Milk Co. v. Minneapolis St. Ry. Co. 149 Minn. 181, 183 N. W. 830; and Manchester Sav. Bank v. Lynch, 151 Minn. 349, 186 N. W. 794. It embodies an established rule of equity practice enabling a surety to compel a solvent principal debtor to exonerate him by paying the debt. No question of indemnity to the creditor is involved, for he is not required to act."

There is nothing in this statute helpful to the defendants Cashman. The bank is not a debtor of the plaintiff.

■ The obligation of the defendants Cashman on the note to the plaintiff is primary. G. S. 1923 (2 Mason, 1927) § 7072 (N. I. L. § 29); First Nat. Bank v. Malmquist, 158 Minn. 140, 197 N. W. 271; Vernon Center State Bank v. Mangelsen, 166 Minn. 472, 208 N. W. 186, 48 A. L. R. 710; Lake Street State Bank v. Hunter, 170 Minn. 128, 212 N. W. 2. They have no defense. There is no principle which can be invoked to compel the plaintiff to exhaust the mortgage before proceeding upon the debt. Formerly there was a statute requiring the mortgagee to exhaust the mortgage before enforcing the personal obligation, but without a controlling statute

suit may be on the note. Johnson v. Lewis, 13 Minn. 337 (364), and cases cited; Hewitt v. Dredge, 133 Minn. 171, 157 N. W. 1080.

The Cashmans are grievously wronged because of their confidence reposed in the bank. They have a remedy. That suggested—that they pay the debt and take an assignment of the note and mortgage—is a perfect one, at least as perfect as the law gives, and they will not suffer unless the land and the bank are financially unable to respond. They will be put to inconvenience in first paying, and may lose if the land and the obligation of the bank prove inadequate security; but all this is a chance which they assumed when they undertook to befriend the bank. We see no sufficient ground upon which to compel the plaintiff to make the bank a party.

Order reversed.

