DAVID ATWOOD & another vs. BOSTON FORWARDING AND
TRANSFER COMPANY.

Suffolk.   November 19, 1903. — May 19, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & BRALEY, JJ.

*Damages*, In tort.   *Animal.   Interest.*

If a horse is injured through the fault of another, and the owner reasonably expends
money in the expectation of curing him but notwithstanding his endeavors the
horse has to be killed, the owner may recover for the money thus expended in
addition to the value of the horse.

In an action by the owner of a horse that was injured through the fault of the de-
fendant and had to be killed after money reasonably had been expended in trying
to cure him, it may not be error to instruct the jury to add interest in making
up their verdict, for, although.interest as such is not allowed in such a case, the
jury in determining the amount of the damages may consider the lapse of time
since the injury and the fact that the assessment is to be made on the day of the
verdict for an injury which occurred a long time before.

TORT, for injuries to the plaintiffs' horse causing his death,
and for expenses incurred by the plaintiffs in caring for and
attempting to cure the horse.   Writ in the Municipal Court of
the City of Boston dated October 11, 1901.

On appeal to the Superior Court the case was tried before
*Pierce*, J.   It appeared, that the plaintiffs' horse had been left
standing in front of their store, and that one of his fore feet was
run over by a rear wheel of a truck of the defendant.

At the close of the evidence the defendant requested the judge
to rule, that the damages that could be recovered in this case
could in no event exceed the value of the horse at the time of
the injury.

The judge refused to rule as requested, and upon the question
of damages instructed the jury as follows:

" If you find in favor of the plaintiffs they are entitled to re-
cover the value of this horse as of the day of the injury, and if
you find in addition that the plaintiffs had a reasonable .expec-
tation that the horse could be cured and that the injury which
came to him might be lessened if they should attempt to cure
it, then the plaintiffs may recover, in addition to the value of the
horse, such a sum of money as in attempting to cure the horse
they reasonably and prudently expended.

" If you find both of these things, you will add the two sums together and you will compute interest thereon at six per cent upon either one or the other of those two sums as the facts may be proven to you by the testimony. That is to say, if you find that they did not reasonably and prudently expend the additional sum with a reasonable expectation of curing the horse and thereby lessening the damage which should come to this defendant or themselves, then you will find the value of the horse and interest thereon from the date of the injury.

" If you find there was a reasonable anticipation of cure and that the money was reasonably, prudently and economically expended you will compute interest upon the two sums added together, from the 21st day of September, the time the money was expended and when the final result of this injury was definitely ascertained."

The jury returned a verdict for the plaintiffs in the sum of $278.31; and the defendant alleged exceptions.

*W. B. Grant,* for the defendant.

*H. A. Richardson,* for the plaintiffs.

KNOWLTON, C. J.    The plaintiffs' horse was seriously injured through negligence for which the defendant is liable, and after unavailing efforts for nearly a month to cure him, he was killed. The exceptions relate to the question whether the plaintiffs, having a reasonable expectation that the horse could be cured and that their damages could be lessened by an attempt to cure him, are entitled to recover such a sum as they reasonably and prudently expended in making this attempt. The defendant asked the judge to rule that in no event can the damages exceed the value of the horse at the time of the injury.

When an animal is killed through the fault of the defendant, the damage which the owner may recover is the value of the animal at the time of the injury. But if an animal is injured in such a way that proper care and attention reasonably may be expected to effect a cure, which will leave the damage from the injury much less than if he died, it is the duty of the owner to give it such care and attention, in order that the damages may not be augmented by neglect. *Tindall* v. *Bell,* 11 M. & W. 228. *Groves* v. *Moses,* 13 Minn. 335, 337. The expense properly incurred for this purpose is a part of the damage to the owner, for

which he is entitled to compensation, as well as for the diminution in value or other loss that may finally result directly from the injury notwithstanding these efforts. *Gillett* v. *Western Railroad,* 8 Allen, 560. *Johnson* v. *Holyoke,* 105 Mass. 80. *Wheeler* v. *Townshend,* 42 Vt. 15. *Streett* v. *Laumier,* 34 Mo. 469. These expenses, reasonably incurred in making a proper effort to diminish the loss, are to be paid as well when the effort is unavailing as when it is successful. It would be most unjust to impose upon an owner the duty of trying to effect a cure, if that is what ought to be done, and to leave him remediless for expenses so incurred, if his attempt proves unsuccessful. Of course he is bound to act in good faith and to exercise a sound discretion, so as not to make an unreasonable expenditure, in reference to the probability of diminishing the damages; but if money is prudently expended in the hope of mitigating the injury, and notwithstanding this the animal is lost, there is no good reason why this expense, as well as the value of the animal, should not be included as a part of the damages. This is in accordance with the weight of authority. *Watson* v. *Proprietors of Lisbon Bridge,* 14 Maine, 201. *Commissioners of Sullivan County* v. *Arnett,* 116 Ind. 438, 444. *Gulf, Colorado & Santa Fe Railway* v. *Keith,* 74 Tex. 287. *St. Louis, Iron Mountain & Southern Railway* v. *Biggs,* 50 Ark. 169. See also *Ellis* v. *Hilton,* 78 Mich. 150; Sedgw. Dam. (8th ed.) § 438; Suth. Dam. (3d ed.) § 67. We are of opinion that there was no error in the ruling given on this point.

The defendant contends that the jury ought not to have been instructed to add interest in making up their verdict. We think that in this Commonwealth interest *eo nomine* is not allowed in this class of cases, but that, in determining the amount of damages, the jury may consider the lapse of time since the injury, and the fact that their assessment is to be made on the day of the verdict for a loss which occurred a long time before. This may be necessary to make the compensation adequate. *Frazer* v. *Bigelow Carpet Co.* 141 Mass. 126. *Ainsworth* v. *Lakin,* 180 Mass. 397, 402. For the reasons stated in the case last cited, we do not think the defendant is shown to have been injured, so as to make a new trial necessary.

*Exceptions overruled.*