COURT OF APPEALS OF VIRGINIA

**PUBLISHED**

Present:   Judges AtLee, Causey and Friedman
Argued at Norfolk, Virginia


BLUE PEARL VETERINARY PARTNERS, LLC,
 BLUE PEARL OPERATIONS, LLC AND
 MARS, INC.

                                                    OPINION BY
v.        Record No. 1180-22-1          JUDGE RICHARD Y. ATLEE, JR.
                                                     JULY 11, 2023

KRISTINE ANDERSON


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Kevin M. Duffan, Judge

Matthew A. Roberson (McGavin, Boyce, Bardot, Thorsen & Katz,
P.C., on briefs), for appellants.

Elliott M. Harding (Harding Counsel, PLLC, on brief), for appellee.


In this action to recover for damages negligently inflicted upon a dog, appellants

(collectively "Blue Pearl") challenge the trial court's denial of its motion *in limine* to exclude

evidence of veterinary expenses exceeding the dog's fair market value.  The trial court certified

its ruling on the motion for an interlocutory appeal under Code § 8.01-675.5(A), and we granted

Blue Pearl's subsequent petition for appeal.  Finding no error, we affirm the trial court's ruling.

I. BACKGROUND

In March 2019, Kristine Anderson filed a complaint against Blue Pearl for breach of

bailment, breach of contract, and negligence,[1] alleging that her dog, a golden retriever, sustained

fractures to two of its legs while receiving veterinary care at Blue Pearl's facility.  Anderson

averred that a veterinarian technician recklessly, carelessly, and negligently failed to secure the

---

[1] The trial court dismissed with prejudice a fourth count alleging false advertising.

dog's legs during a CT scan, leaving them "hanging off of the CT table." Two of its legs were subsequently "crushed" as the table moved into "the cylinder tube for the CT scan." Anderson sought $6,782 for "necessary treatment and evaluations." She also sought between $108,855 and $119,055 per year for the remainder of the dog's life for "adequate and necessary rehabilitative care," including electronic stimulation, shockwave therapy, ultrasound therapy, laser therapy, underwater treadmill, platelet rich plasma therapy, and stem cell therapy.

Blue Pearl filed a motion *in limine* to exclude "any evidence or suggestion of veterinary expenses in excess of $350.00," the amount Anderson paid for the dog. It argued that because dogs are personal property under Code § 3.2-6585, a claim for "necessary and reasonable expenses incurred" for an injury to a dog cannot include recovery of repair expenses that exceed the diminution in value of the dog. Anderson responded that unlike other types of personal property, her dog was a living creature, and she was obligated to provide "adequate, lasting care, including veterinary care," in part to avoid criminal liability. Thus, she argued that veterinary expenses were recoverable as "'reasonable and necessary' costs."

After a hearing, the trial court denied Blue Pearl's motion *in limine*. The court acknowledged that damages for injury to personal property typically are "confined to the diminution of the value of the property" and any "*reasonable and necessary expenses incurred*." Nevertheless, the court ruled that certain veterinary treatments exceeding the dog's value could be "reasonable and necessary expenses." The court further found that determining which expenses were in fact reasonable and necessary was a question for the fact finder.

On July 25, 2022, the trial court certified under Code § 8.01-675.5(A) that resolving Blue Pearl's motion *in limine* presented a question of law on which there was substantial ground for disagreement and no clear or controlling precedent. The trial court also certified that resolving the issue "could be dispositive of the entire civil action" between the parties and that an

- 2 -

interlocutory appeal was in the parties' best interests. Thus, the trial court stayed the proceedings and "certifie[d] for an interlocutory appeal the issue of the admissibility . . . of veterinary expenses in excess of the market value of plaintiff's dog, as an element of recoverable reasonable and necessary expenses."

On August 18, 2022, we granted Blue Pearl's petition for appeal under Code § 8.01-675.5(A).[2] On appeal, Blue Pearl argues that the trial court erred by denying its motion *in limine* because dogs are personal property and veterinary expenses to treat the dog's injuries were repair costs. Applying the well-established measure for damages for injury to personal property, Blue Pearl contends that Anderson cannot recover for repair costs that exceed the diminution in market value of the damaged property. Moreover, Blue Pearl maintains that money "poured into" fixing "the very object of damaged personal property" is necessarily the "cost of repair" and not recoverable as "necessary and reasonable expenses."

## II. ANALYSIS

"[T]he law in Virginia, as in most states that have decided the question, regards animals, however beloved, as personal property." *Kondaurov v. Kerdasha*, 271 Va. 646, 657 (2006); Code § 3.2-6585 ("All dogs and cats shall be deemed personal property . . . ."). Accordingly, a dog owner "may maintain any action for the killing of any such animals, or injury thereto, . . . as in the case of other personal property." Code § 3.2-6585. The Supreme Court has held that because a dog is personal property, recovery cannot include "damages for emotional distress resulting from

---

[2] Our order instructed the parties to brief whether this Court had jurisdiction to consider this appeal given the General Assembly's July 1, 2022 amendment to Code § 17.1-405, the statute that outlines the scope of our civil jurisdiction, which struck the reference to Code § 8.01-675.5. 2022 Va. Acts ch. 307. Effective April 12, 2023, however, the General Assembly again amended Code § 17.1-405 to unequivocally declare our jurisdiction to review certified interlocutory appeals under Code § 8.01-675.5. 2023 Va. Acts ch. 741. The 2023 amendment did not effect a substantive change in our jurisdiction but was instead "declarative of existing law"; it also contained an emergency clause providing that it was "in force from its passage." *Id.* Consequently, we have jurisdiction to consider this appeal.

negligently inflicted injury to" the dog. *Kondaurov*, 271 Va. at 657. Neither this Court nor the Supreme Court, however, has addressed whether in an action to recover for injuries negligently inflicted to a dog, recoverable damages include veterinary expenses that exceed the diminution in the dog's fair market value.

Blue Pearl correctly notes that "the general rule for determining . . . damages for injury to personal property is to subtract the fair market value of the property immediately after the loss from the fair market value thereof immediately before the injury, the remainder, plus necessary reasonable expenses incurred, being the damages." *White Consol. Indus., Inc. v. Swiney*, 237 Va. 23, 30 (1989) (citing *Averett v. Shircliff*, 218 Va. 202, 206-07 (1977)). That rule applies "[w]hen diminution in market value can be reasonably ascertained." *Younger v. Appalachian Power Co.*, 214 Va. 662, 664 (1974). Moreover, a general exception to the rule exists when repair costs are less than the diminution in market value. *Averett*, 218 Va. at 207.

Nevertheless, "the sundry rules for measuring damages are subordinate to the ultimate aim of making good the injury done or loss suffered and hence '[t]he answer rests in good sense rather than in a mechanical application of a single formula.'" *Younger*, 214 Va. at 664 (quoting *New Jersey Power & Light Co. v. Mabee*, 197 A.2d 194, 195 (N.J. 1964)). In other words, the general damages rules are "a standard, not a shackle." Charles T. McCormick, *Handbook on the Law of Damages* § 45 (1935). Often, items of personal property have "no exchange value but may be valuable to the owner; other things may have a comparatively small exchange value but have a special and greater value to the owner." Restatement (Second) of Torts § 911 (1979). When, in such cases, application of the "ordinary methods" for calculating damages "will produce a miscarriage of justice," courts do not hesitate to employ other methods that more fairly accomplish the goal of making good the injury done or loss suffered. *See, e.g.*, *Irwin v. Degtiarov*, 8 N.E.3d 296, 300 (Mass. App. Ct. 2014).

- 4 -

Consistent with those principles, the Supreme Court has held that "when the damaged property has no ascertainable market value or when market value would be a manifestly inadequate measure, then *some other measure must be applied*." *Younger*, 214 Va. at 664 (emphasis added) (citing *Norfolk & W. Ry. Co. v. Richmond Cedar Works*, 160 Va. 790, 806-07 (1933)). Potential "exception[s] to the general market value rule" include when a family portrait with little to no market value is lost, or when an architect's plans with little to no market value are destroyed. *Norfolk & W. Ry. Co.*, 160 Va. at 806 (citing *Green v. Boston & Lowell R.R. Co.*, 128 Mass. 221 (1880); and then citing *Mather v. Am. Express Co.*, 138 Mass. 55 (1884)). Indeed, the Restatement (Second) of Torts provides that when a "chattel has peculiar value to the owner, as when a family portrait having substantially no exchange value has been harmed . . . , it may be *reasonable* to make repairs at an expense greater than the cost of another chattel." Restatement (Second) of Torts § 928 cmt. a (1979) (emphasis added).

To that end, the Massachusetts Supreme Judicial Court has held that "if an animal is injured in such a way that proper care and attention reasonably may be expected to effect a cure," the "expense properly incurred for this purpose is a part of the damage to the owner, for which he is entitled to compensation" even if that expense exceeds the diminution in the animal's market value. *Atwood v. Boston Forwarding & Transfer Co.*, 71 N.E. 72, 72 (Mass. 1904). That enunciation of the rule governing damages when an animal is negligently injured is consistent with *Younger* and the common law. *See* Shearman & Redfield, *Negligence* § 603, at 680-81 (2d ed. 1870) ("[I]n cases of injury to animals . . . the plaintiff ought to recover for expenses reasonably incurred in efforts to cure them, in addition to the depreciation in their value, or to their whole value where they are finally lost."); McCormick, *supra*, § 124 ("[W]here repairs have been prudently undertaken, under circumstances where repair seems the reasonable course, then, if in fact the cost of repair, including loss or use, exceeds the value of the chattel, there should be no hard and fast rules fixing that value

as the maximum recovery."). Nevertheless, that rule plainly does not permit an owner to recover expenses for any and all treatments that may be available to treat an animal's injuries. Rather, the owner "is bound to act in good faith, and to exercise a sound discretion, so as not to make an unreasonable expenditure." *Atwood*, 71 N.E. at 72. To be sure, "reasonableness is the touchstone for determining whether, and to what extent, veterinary costs can be recovered." *Irwin*, 8 N.E.3d at 301 (applying *Atwood*). "[B]ut if money is prudently expended in the hope of mitigating the injury, . . . there is no good reason why this expense, as well as the value of the animal, should not be included as a part of the damages," even if the animal ultimately "is lost." *Atwood*, 71 N.E. at 72.

Whether veterinary care and treatment is reasonable and necessary is a question of fact to be decided by the jury after a showing of the relevant facts and circumstances. *Cf. Damages–Property of No Market Value*, 12 A.L.R.2d 902, § 2 (1950) ("[I]n the absence of a market value for personal property converted, lost, or injured, the amount of damages should be left to the discretion of the jury."). Relevant factors to be considered include the type of animal; its age, purchase price, and any special traits or skills; the likelihood of the medical procedure's success; and whether the medical procedures are typical and customary to treat the injuries at issue. *Irwin*, 8 N.E.3d at 301. But in no case may the owner of an animal recover for her emotional or mental anguish resulting from the animal's injuries or from a concern for the animal's physical or emotional condition. *Kondaurov*, 271 Va. at 657-58.

Applying the above principles, we conclude that the trial court appropriately denied Blue Pearl's motion *in limine* to exclude evidence of veterinary expenses to the extent they exceeded the price Anderson paid for the dog. Blue Pearl's motion employed an overly mechanistic approach to measuring damages that disregarded the "ultimate aim of making good the injury done or loss suffered." *Younger*, 214 Va. at 664. Indeed, it is a matter of "good sense" that Blue Pearl must "mak[e] good the injury" caused by its negligence. *Id.* Thus, Anderson may recover for all

- 6 -

veterinary expenses that she can prove were or will be reasonably and necessarily incurred because of Blue Pearl's negligence.

### III.  CONCLUSION

Blue Pearl has demonstrated no error in the trial court's ruling.  Therefore, the trial court's ruling is affirmed.

*Affirmed.*